IN RE ESTATE OF SARAH BOWMAN.

WYMAN FELTIS, Administrator, Appellant, v. DAVID L. BOWMAN et al., Appellees.

No. 39712.

NOVEMBER 21, 1929.

*W. M. Strand* and *E. R. Acres*, for appellant.

*C. N. Houck* and *M. A. Harmon,* for appellees.

FAVILLE, J.—Paragraph 3 of the will of testatrix is as follows:

"To my daughters, Carrie Feltis of Winneshiek County, Hannah L. Robinson of Burr Oak, Iowa, and Ella B. Houck of Decorah, Iowa, I give and bequeath the rest and residue of my estate, both real estate and personal, to have and to hold, forever, share and share alike. However, Carrie Feltis, is to receive the home I am now living in, erected upon her land at one thousand dollars, as a portion of her share."

Appellant's contention is that said will was executed with reference to a certain written lease and agreement made between the testatrix and the appellant. Said written instrument was put in evidence. It provided that the testatrix might erect an addition to the dwelling house of the appellant for the personal and exclusive use and occupancy of the said testatrix, at her own expense, and that the appellant leased to the testatrix all that portion of the premises that should be occupied and necessary to said addition for the term of the natural life of the testatrix, and that, upon the death of said testatrix, said addition was to become the property of the appellant. The appellant's contention is that said clause of said will is ambiguous and uncertain, and that a proper construction of said will requires that thereunder there is given to the appellant the home, or addition to appellant's house, which testatrix had erected. In other words, it is appellant's contention that the words "at one thousand dollars" are merely descriptive of the property, and that it was the intention of the testatrix, as expressed by said will, to make the appellant one of the three residuary legatees, and that, under the will, said appellant was to receive a bequest of one third of the residuary estate, and was to receive said house as a portion of her share, without being charged with any sum therefor.

The trial court construed said will to provide that the testatrix devised to her three daughters, share and share alike, the residuary estate belonging to said estate, and held:

"That the dwelling house referred to in Paragraph 3 of said will shall be considered as part of the residuary assets of said estate, at a value of one thousand dollars ($1,000.00), and that, in the division of the residuary estate, the said dwelling house shall be included in the share awarded to said Carrie Feltis, and the share of said Carrie Feltis shall be charged in the amount of one thousand dollars ($1,000.00) on account of said dwelling house, and said sum of one thousand dollars ($1,000.00) shall be deducted by the administrator in making distribution from the share or portion of the estate going to the said Carrie Feltis."

We think it is clear that the intent of the testatrix was to make her three daughters her equal residuary legatees, and to provide that in making said distribution the appellant was to receive the home referred to as a portion of her share, and to be charged therefor at $1,000. The first sentence of the paragraph in question is a clear provision that the residuary estate is to be divided among the three daughters of the testatrix, share and share alike. The added clause still has reference to the "share" of the appellant. She is to receive the home in question as a portion of her share, on the basis of $1,000. If the last clause means, as contended by appellant, that she was to receive the home and also one third of the residuary estate, in addition thereto, the obvious purpose of the testatrix to divide her residue estate "share and share alike" among her three daughters would be defeated. The words "at one thousand dollars" are not merely descriptive of the home. The property was accurately described by the words "home I am now living in, erected upon her land." Words of value are seldom used to identify and point out property, and in this case we are of the opinion that the words "at one thousand dollars" were not intended to be descriptive of the property in question, but were used to fix the valuation at which the said home was to be taken by the appellant "as a portion of her share."

It is to be noted that this action is solely for construction

of the will of the testatrix. The written contract is only considered as an item of evidence in this case.

The trial court correctly construed the will, and its order is—*Affirmed.*

ALBERT, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.